UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

J & J PUMPS, INC., a California corporation,

        Plaintiff,

   v.

STAR INSURANCE COMPANY, a Michigan corporation; and DOES 1 through 10, inclusive,

        Defendants.

NO. CIV. 2:11-599 WBS CMK

<u>ORDER TO SHOW CAUSE</u>

----oo0oo----

        Plaintiff J & J Pumps, Inc., filed this action in the Superior Court of the State of California for the County of Shasta against defendant Star Insurance Company arising from defendant's denial of plaintiff's insurance claim for employee dishonesty. On March 3, 2011, defendant removed the action to this court. (Docket No. 1.) Defendant subsequently filed a motion to dismiss for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure

1

12(b)(6). (Docket No. 5.) That motion is scheduled for a hearing on April 11, 2011. For the reasons stated below, defendant will be ordered to show cause within ten days why this action should not be remanded for lack of jurisdiction and the hearing on defendant's motion to dismiss will be continued to April 25, 2011.

I.  Factual and Procedural Background

Defendant issued an insurance policy to plaintiff for October 1, 2009, through October 1, 2010, and a renewed insurance policy for October 1, 2010, through October 1, 2011. (Notice of Removal; Demand for Jury Trial ("Notice of Removal") Ex. A ("Compl.") ¶ 4 (Docket No. 1).) The policies address employee dishonesty. (Id. ¶ 5.) The Complaint did not attach the policies. The policies allegedly state:

> You may extend the insurance that applies to Your Business Personal Property to apply to: (a) Loss or damage to any property . . . resulting from dishonest acts committed by an "employee," . . . , with the manifest intent to: (1) Cause you to sustain loss; and also (2) Obtain financial benefit . . . for: a - the "employee"; . . . .

(Id.)

In May of 2010, plaintiff discovered that an employee had failed to pay plaintiff's taxes to the Internal Revenue Service ("IRS") and California Employment Development Department ("EDD"). (Id. ¶ 8.) "Rather, [the employee] was hiding the money that should have been used to pay those tax deposits in an undefined account with the intent to benefit herself, financially, and embezzle said funds." (Id.) Plaintiff allegedly sustained losses as the result of the employee's conduct in the form of approximately $40,000.00 in interest and

1  penalties on the unpaid taxes.  (Id. ¶ 10.)
2          On November 3, 2010, plaintiff submitted a claim to
3  defendant for policy benefits under the employee dishonesty
4  provision.  (Id. ¶ 11.)  Upon defendant's request, plaintiff
5  later provided a "Proof of Loss - Employee Dishonesty Form" and
6  additional documentation.  Defendant attached this form and
7  additional documentation to its notice of removal. (See Notice of
8  Removal Exs. C-D.)  According to the exhibits attached to the
9  notice of removal, plaintiff claimed policy benefits for
10 approximately $40,000.00 in interest and penalties already
11 assessed by the IRS and EDD and an unspecified amount of interest
12 and penalties for the second quarter of 2010 to later be
13 assessed.
14         On January 17, 2011, defendant's claims administrator,
15 Meadowbrook Insurance Group, denied plaintiff's claim for policy
16 benefits for the present and future tax interest and penalties.
17 (Compl. ¶ 12.)  Plaintiff alleges that the denial was without
18 "sufficient factual or legal basis."  (Id.)  The Complaint
19 alleges that defendant's basis for denial was that the employee
20 had not actually stolen the money that caused the interest and
21 penalties.  (Id. ¶ 24.)
22         Plaintiff has brought three claims: (1) breach of
23 contract, (2) breach of the implied covenant of good faith and
24 fair dealing, and (3) declaratory relief.  Under the breach of
25 contract claim, the Complaint alleges that defendant's denial of
26 policy benefits has caused plaintiff to sustain "actual and
27 substantial damages including, but not limited to, payment of
28 penalties and assessments to the IRS and EDD, a reduction in cash

flow, receivables, and income resulting from the need to satisfy the IRS and EDD, all of which has, and will continue have [sic], a chilling effect on the financial well-being of J & J, a small family-owned company." (Id. ¶ 20.)

Plaintiff alleges that defendant breached its duty by (1) misrepresenting pertinent facts or policy provisions, "namely, claiming that the policy requires that [the employee] actually receive[s] the benefit of her dishonest acts," (2) "[n]ot attempting in good faith to effectuate prompt, fair, and equitable settlements of claims in which liability has become reasonably clear," (3) "[c]ompelling J & J to institute litigation to recover amounts due under an insurance policy," and (4) "[f]ailing to promptly provide a reasonable explanation of the basis relied on in the insurance policy, in relation to the facts or applicable law, for the denial of the claim." (Id. ¶ 24.)

The Complaint alleges that defendant continues to engage "in the aforesaid acts, and other conduct, constituting bad faith, all of which constitutes a continuing tort, causing Plaintiff's ongoing damages beyond the date of the filing of this action." (Id. ¶ 26.) Plaintiff alleges that it "has suffered, and continues to suffer, general and special damages in an amount within the jurisdiction of this court, to be shown according to proof at time of trial." (Id. ¶ 27.) Plaintiff also seeks to recover "costs of suit, attorneys' fees and related expenses, including expert witness fees," expended in recovering the policy benefits. (Id. ¶ 28.) Plaintiff also seeks to recover punitive damages "in an amount to be shown according to proof at the time

4

of trial." (Id. ¶ 30.)

On February 1, 2011, plaintiff filed the instant action in state court. On March 3, 2011, defendant removed the action to this court pursuant to 28 U.S.C. § 1441(a). Defendant's notice of removal states that the court has original jurisdiction pursuant to 28 U.S.C. § 1332 (diversity jurisdiction).

## II.   Discussion

A defendant may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction . . . to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). A district court has original jurisdiction over any civil action between citizens of different states if the matter in controversy exceeds the sum or value of $75,000.00, excluding interest and costs.[1] 28 U.S.C. § 1332(a).

There is a strong presumption against removal jurisdiction, and the burden of establishing jurisdiction rests on the removing defendant with ambiguities resolved in favor of remand. Hunter v. Philip Morris USA, 582 F.3d 1039, 1042 (9th Cir. 2009). The removal statute is strictly construed against removal jurisdiction. Boggs v. Lewis, 863 F.2d 662, 663 (9th

---

[1] A district court also has jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Plaintiff asserts a claim for declaratory relief. It is not clear whether plaintiff brings this claim pursuant to federal law. Even if plaintiff did, "[t]he use of the declaratory judgment statute does not confer jurisdiction by itself if jurisdiction would not exist on the face of a well-pleaded complaint brought without the use of 28 U.S.C. § 2201." Janakes v. U.S. Postal Serv., 768 F.2d 1091, 1093 (9th Cir. 1985).

5

Cir. 1988).  Removal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance.  <u>Gaus v. Miles, Inc.</u>, 980 F.2d 564, 566 (9th Cir. 1992).

If it appears before final judgment that the district court lacks original jurisdiction over a case that has been removed to federal court, the case must be remanded.  28 U.S.C. § 1447(c).  This court is under an independent obligation to determine whether it has jurisdiction.  See <u>FW/PBS, Inc. v. City of Dallas</u>, 493 U.S. 215, 231 (1990); <u>Harris v. Provident Life & Accident Ins. Co.</u>, 26 F.3d 930, 932 (9th Cir. 1994).

Where a complaint filed in state court is <u>unclear</u> or <u>ambiguous</u> on whether the requisite amount in controversy is pled for diversity jurisdiction, a removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional amount.  <u>Guglielmino v. McKee Foods Corp.</u>, 506 F.3d 696, 699 (9th Cir. 2007); <u>see generally</u> 16 James Wm. Moore et al., <u>Moore's Federal Practice</u> § 107.14[2][g][v] (3d ed. 2010) (discussing amount in controversy in removal context).  To satisfy this burden, "the defendant must provide evidence establishing that it is 'more likely than not' that the amount in controversy exceeds that amount."  <u>Sanchez v. Monumental Life Ins. Co.</u>, 102 F.3d 398, 404 (9th Cir. 1996).

When it is not "facially apparent" from the complaint that the claims are likely above $75,000.00, the district court may consider facts in the notice of removal and may require affidavits.  See <u>Luckett v. Delta Airlines, Inc.</u>, 171 F.3d 295, 298 (5th Cir. 1999); <u>Singer v. State Farm Mut. Auto. Ins. Co.</u>, 116 F.3d 373, 377 (9th Cir. 1997) (citing <u>Allen v. R & H Oil &</u>

Gas Co., 63 F.3d 1326, 1335-36 (5th Cir. 1995)).  A defendant must state <u>facts</u> in the notice of removal; a mere conclusion that the amount in controversy exceeds $75,000.00 is insufficient.  <u>See</u> <u>Gaus</u>, 980 F.2d at 567.

The amount in controversy includes attorney's fees if recoverable as a matter of law.  <u>See</u> <u>Galt G/S v. JSS Scandinavia</u>, 142 F.3d 1150, 1155 (9th Cir. 1998).  "California law permits recovery of attorneys fees incurred by the insured in obtaining the benefits due under the policy when the insurer's conduct in withholding benefits was tortious." <u>Conrad Assocs. v. Hartford Acc. & Indem. Co.</u>, 994 F. Supp. 1196, 1199 (N.D. Cal. 1998) (citing <u>Brandt v. Super. Ct.</u>, 37 Cal. 3d 813, 816-819 (1985)).  In determining the amount in controversy, "[s]ome courts include the calculation of attorney's fees incurred <u>after</u> the date of removal and other courts prohibit it." <u>Killion v. AutoZone Stores Inc.</u>, No. 5:10-cv-01978, 2011 WL 590292, at *2 (Feb. 8, 2011); <u>see</u> <u>id.</u> at *2 n.1 (comparing cases).  In other words, some courts consider a "reasonable estimate of fees likely to be recovered."  <u>Brady v. Mercedes-Benz USA, Inc.</u>, 243 F. Supp. 2d 1004, 1010-11 (N.D. Cal. 2002).  When estimating attorney's fees to establish jurisdiction, such estimates cannot be "overly speculative."  <u>Galloway v. Volkswagen Grp. of Am.</u>, No. CV 11-896, 2011 WL 685822, at *1 (C.D. Cal. Feb. 17, 2011).

The amount in controversy also includes punitive damages if recoverable as a matter of law.  <u>See</u> <u>Gibson v. Chrysler Corp.</u>, 261 F.3d 927, 945 (9th Cir. 2001).  "[C]alifornia law permits recovery of punitive damages for insurance bad faith claims."  <u>Conrad Assocs.</u>, 994 F. Supp. at 1200.

7

Here, § 1332's requirement of diversity of citizenship is met. See 28 U.S.C. 1332(c)(1). Plaintiff, a California corporation, has its principal place of business in California. (Notice of Removal ¶ 5.) Defendant, a Michigan corporation, has its principal place of business in Michigan.[2] (Id.)

The Complaint does not specify the amount that plaintiff seeks to recover. Thus, defendant must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000.00. See Guglielmino, 506 F.3d at 699. Moreover, it is not "facially apparent" from the Complaint that the amount in controversy exceeds $75,000.00. See Luckett, 171 F.3d at 298; Singer, 116 F.3d at 377. The only dollar amount in the Complaint is approximately $40,000.00 in tax interest and penalties assessed by the IRS and EDD for plaintiff's failure to timely pay its taxes. (Compl. ¶ 10.) The Complaint suggests that additional interest and penalties will be assessed. (Id. ¶ 13.) Under the breach of contract claim, plaintiff seeks recovery of the tax interest and penalties and alleges damages in the form of "a reduction in cash flow, receivables, and income resulting from the need to satisfy the IRS and EDD." (Id. ¶ 20.) Plaintiff also seeks general and special damages, punitive damages, and

---

[2] Section 1332 contains language with respect to insurers suggesting that the defendant, the insurer, is also a citizen of California because plaintiff, the insured, is a citizen of California. See 28 U.S.C. 1332(c)(1) (defining citizenship of insurer in "direct actions" against insurer). However, "[c]ourts generally have declined to take that approach, which would keep many insurance cases out of the federal courts." Nat'l Athletic Sportswear, Inc. v. Westfield Ins. Co., 528 F.3d 508, 511 n.1 (7th Cir. 2008) ("The Seventh Circuit has stated the provision is a special rule for insurers in 'direct actions'--that is, cases in which a person with a claim against the insured sues the insurer directly.") (internal quotation marks omitted).

attorney's fees and related costs for breach of the implied covenant of good faith and fair dealing.  (Id. ¶¶ 27-28, 30.)

Because the requisite amount in controversy is not "facially apparent" from the Complaint, the court may consider facts in the notice of removal and may require affidavits.  See Luckett, 171 F.3d at 298; Singer, 116 F.3d at 377.  Defendant's notice of removal does not provide additional facts that prove by a preponderance of evidence that the amount in controversy exceeds $75,000.00.  The notice of removal merely repeats the allegations in the Complaint and attaches a copy of plaintiff's claim for policy benefits, which seeks approximately $40,000.00 and an unspecified amount for additional interest and penalties to be assessed by the IRS and EDD for the second quarter of 2010.  (Notice of Removal ¶¶ 7-9, Exs. C-D.)

Defendant's notice of removal appears to rely heavily on the fact that plaintiff seeks punitive damages and attorney's fees.  (See Notice of Removal ¶¶ 8-9.)  However, defendant may not meet its burden "simply by pointing out that the complaint seeks punitive damages and that any damages awarded under such a claim could total a large sum of money."  Conrad Assocs., 994 F. Supp. at 1201; see also Killion, 2011 WL 590292, at *2; Walters v. Sunrise Assisted Living of West Hills, No. CV 10-2848, 2010 WL 2553464, at *2 (C.D. Cal. June 18, 2010); Hayrapetyan v. Am. Int'l Grp., No. CV 10-1590, 2010 WL 2044521, at *3 (C.D. Cal. May 18, 2010); Gordon v. Allstate Ins. Co., No. CV-09-1828, 2010 WL 1949164, at *3 (D. Ariz. May 13, 2010).  Similarly, without additional facts, defendant may not meet its burden simply

because plaintiff seeks attorney's fees.[3]  See Galloway, 2011 WL 685822, at *1.

Defendant essentially seeks to establish diversity jurisdiction with a conclusory allegation of the amount in controversy in its notice of removal: "Altogether, the amount in controversy, exclusive of interest and costs, exceeds the sum of $75,000.00."  (Notice of Removal ¶ 10.)  When a defendant removes an action, a conclusory allegation does not meet the defendant's burden to prove by a preponderance of the evidence that the amount in controversy exceeds $75,000.00.  See Gaus, 980 F.2d at 567.  Accordingly, the court will order defendant to show cause why this action should not be remanded for lack of jurisdiction.

IT IS THEREFORE ORDERED that within ten days of the date of this Order, defendant shall file a brief to show cause why this action should not be remanded to state court for lack of jurisdiction.

IT IS FURTHER ORDERED that the hearing on defendant's motion to dismiss is hereby continued to April 25, 2011, at 2:00 p.m. in Courtroom No. 5.

DATED: April 4, 2011

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE

---

[3]  Because defendant has not provided any facts relating to attorney's fees, the court declines to decide whether the jurisdictional amount in controversy includes attorney's fees after removal.  See Killion v. AutoZone Stores Inc., No. 5:10-cv-01978, 2011 WL 590292, at *2 (Feb. 8, 2011).