UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| J & J PUMPS, INC., a California corporation, | NO. CIV. 2:11-599 WBS CMK |
| Plaintiff, | MEMORANDUM AND ORDER RE: ORDER TO SHOW CAUSE |
| v. | |
| STAR INSURANCE COMPANY, a Michigan corporation; and DOES 1 through 10, inclusive, | |
| Defendants. | |

----oo0oo----

On April 5, 2011, the court ordered defendant Star Insurance Company to show cause why this action should not be remanded to state court for lack of diversity jurisdiction pursuant to 28 U.S.C. § 1332.  (Docket No. 13.)  While the parties are allegedly diverse, the amount in controversy is at issue.  In the Order, the court set forth a removing defendant's burden when the complaint is unclear or ambiguous as to the amount in controversy and it is not apparent from the face of the

1

complaint that the claims exceed $75,000.00.  In short, a removing defendant must go beyond the complaint and prove by a preponderance of the evidence that the amount in controversy exceeds $75,000.00.[1]  <u>Guglielmino v. McKee Foods Corp.</u>, 506 F.3d 696, 699 (9th Cir. 2007).  In its prayer for relief, plaintiff J & J Pumps, Inc., seeks all sums due under the policies, attorney's fees, general and economic damages, and punitive damages.

In light of the approximately $40,000.00 in tax penalties and interest already assessed and allegedly due under the policies, at the very least, defendant must show by a preponderance of the evidence that plaintiff seeks to recover an additional amount of over $35,000.00.  In response to the Order to show cause, defendant presented evidence of (1) recent jury verdicts in bad faith cases arising out of the denial of first-party property insurance claims, (2) plaintiff's refusal to stipulate to an amount in controversy of $75,000.00 or less before removal of the action, and (3) the hourly rate that plaintiff pays its attorney and an estimate of the number of hours necessary for plaintiff to prosecute the action.

The court has doubts about the sufficiency of

---

[1]  Moreover, there is a strong presumption against removal jurisdiction, and the burden of establishing jurisdiction rests on the removing defendant with ambiguities resolved in favor of remand.  <u>Hunter v. Philip Morris USA</u>, 582 F.3d 1039, 1042 (9th Cir. 2009).  The removal statute is strictly construed against removal jurisdiction.  <u>Boggs v. Lewis</u>, 863 F.2d 662, 663 (9th Cir. 1988).  Removal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance.  <u>Gaus v. Miles, Inc.</u>, 980 F.2d 564, 566 (9th Cir. 1992).

defendant's evidence of jury verdicts[2] and plaintiff's refusal to stipulate.[3] However, the court need not reach the sufficiency of this evidence because the evidence of plaintiff's attorney's fees meets defendant's burden.

The amount in controversy includes attorney's fees if recoverable as a matter of law. See Galt G/S v. JSS Scandinavia, 142 F.3d 1150, 1155 (9th Cir. 1998). "California law permits recovery of attorneys fees incurred by the insured in obtaining

---

[2] Other than pointing out that the cited jury verdicts involved the denial of claims under first-party property insurance policies, defendant "make[s] no attempt to analogize or explain how these cases are similar to the instant action." Killion v. AutoZone Stores Inc., No. 5:10-cv-01978, 2011 WL 590292, at *2 (C.D. Cal. Feb. 8, 2011). The court in Killion explained that "[s]imply citing [] cases merely illustrate[s] that punitive damages are possible, but in no way shows that it is likely or probable in this case." Id.; see also Zhukovsky v. Allstate Ins. Co., No. C 00-1566, 2001 WL 725398, at *2 (N.D. Cal. June 13, 2001) ("District courts have held that where a defendant relies on verdicts in other cases to prove the amount in controversy, the defendant fails to meet its burden if it asserts that large awards have been made in other bad faith actions, yet makes no effort to compare the facts of those cases with the facts of the case at issue.").

[3] While the law is unsettled, a number of courts in this circuit have declined to consider a plaintiff's refusal to stipulate to the amount in controversy in determining whether the defendant had met its burden. See, e.g., Schiller v. David's Bridal, Inc., No. 1:10-cv-00616 AWI SKO, 2010 WL 2793650, at *4 (E.D. Cal. July 14, 2010) (magistrate judge's order); Dobson v. United Airlines, Inc., No. C 02-04771, 2002 WL 31689365, at *1 (N.D. Cal. Nov. 25, 2002) ("If the Court were to conclude that a plaintiff's refusal to stipulate is sufficient to satisfy that burden, defendants in every removal dispute would force the plaintiffs to choose between stipulating against their future remedies and remaining in federal court."); Conrad Assocs. v. Hartford Accident & Indem., Co., 994 F. Supp. 1196, 1199 (N.D. Cal. 1998); Valle v. State Farm Mut. Auto. Ins., No. C 97-1659, 1997 WL 564047, at *2 (N.D. Cal. Aug. 27, 1997). But see, e.g., Echelbarger v. Brookdale Living Communities of WA-PP, LLC, No. CV-10-401, 2010 WL 5018590, at *2 (E.D. Wash. Dec. 02, 2010); Duin v. Allstate Ins. Co., No. 97CV1113, 1997 WL 813002, at *2 (S.D. Cal. Dec. 15, 1997); Richmond v. Allstate Ins. Co., 897 F. Supp. 447, 451 (S.D. Cal. 1995).

3

the benefits due under the policy when the insurer's conduct in withholding benefits was tortious." <u>Conrad Assocs. v. Hartford Accident & Indem., Co.</u>, 994 F. Supp. 1196, 1199 (N.D. Cal. 1998) (citing <u>Brandt v. Super. Ct.</u>, 37 Cal. 3d 813, 816-819 (1985)). "However, only attorney fees attributed to an attorney's efforts in obtaining benefits due under the insurance contract are recoverable, and '[f]ees attributable to obtaining any portion of the plaintiff's award which exceeds the amount due under the policy are not recoverable.'" <u>Id.</u> (quoting <u>Brandt</u>, 37 Cal. 3d at 819) (alteration in original).

There is a split between the two circuits to have addressed the issue on whether attorney's fees for purpose of the amount in controversy include a reasonable estimate of attorney's fees to be incurred following removal or are limited to attorney's fees already incurred at the time of removal. <u>Compare</u> <u>Oshana v. Coca-Cola Co.</u>, 472 F.3d 506, 512 (7th Cir. 2006) (limiting attorney's fees to those already incurred at time of removal), <u>with</u> <u>Miera v. Dairyland Ins. Co.</u>, 143 F.3d 1337, 1340 (10th Cir. 1998) (including a reasonable estimate of attorney's fees following removal). The Ninth Circuit has not addressed the issue.

While some courts in this circuit have limited attorney's fees to those already incurred at the time of removal, <u>see, e.g.</u>, <u>Faulkner v. Astro-Med, Inc.</u>, No. C 99-2562, 1999 WL 820198, at *4 (N.D. Cal. Oct. 4, 1999), "the preponderance of courts in this Circuit have agreed with the [<u>Brady v. Mercedes-Benz USA, Inc.</u>, 243 F. Supp. 2d 1004 (N.D. Cal. 2002),] approach." <u>Pulera v. F & B, Inc.</u>, No. 2:08-cv-00275 MCE DAD,

4

2008 WL 3863489, at *4 (E.D. Cal. Aug. 19, 2008) (citing cases). The court is persuaded by the reasoning in Brady and will consider a reasonable estimate of attorney's fees following removal:

> The amount of fees commonly incurred in similar litigation can usually be reasonably estimated based on experience. Certainly, attorneys are often called upon by their clients before or at the outset of litigation to give an estimate of the fees likely to be incurred in prosecuting or defending a case to resolution. Where the law entitles the prevailing plaintiff to recover reasonable attorney fees, a reasonable estimate of fees likely to be incurred to resolution is part of the benefit permissibly sought by the plaintiff and thus contributes to the amount in controversy.

Brady, 243 F. Supp. 2d at 1011; see also Simmons v. PCR Tech., 209 F. Supp. 2d 1029, 1034-35 (N.D. Cal. 2002) ("The Ninth Circuit clearly considers attorneys' fees when assessing amount in controversy. Such fees necessarily accrue until the action is resolved. Thus, the Ninth Circuit must have anticipated that district courts would project fees beyond removal. The court determines the amount in controversy based on the damages that can reasonably be anticipated at the time of removal. Similarly, the measure of fees should be that amount that can reasonably be anticipated at the time of removal, not merely those already incurred.").

In his declaration, defendant's counsel states that plaintiff's counsel represented to him that plaintiff's counsel's hourly rate is $300.00. (Schneider Decl. in Supp. of Def. Star's Brief Showing Cause Why this Action Should not be Remanded to State Court for Lack of Jurisdiction ¶ 8, Ex. A (Docket No. 14-1).) Defendant's counsel estimates that plaintiff will incur $61,800.00 in attorney's fees to recover the benefits under the

5

policies.  (Id. ¶ 9.)  Defendant's counsel estimates that plaintiff's counsel has spent ten hours consulting with plaintiff and two hours drafting the complaint and will spend six hours preparing written discovery, six hours responding to written discovery, eight hours engaging in activities associated with discovery motions, twenty-four hours conducting depositions, forty hours preparing and arguing a motion for summary judgment, twenty hours preparing an opposition to a motion for summary judgment, fifty hours preparing for trial, and forty hours engaging in activities related to trial and post-trial proceedings.  (Id.)

Defendant's counsel does not cite specific cases to support his estimate and instead bases it on his experience:

> I have been practicing law in the area of insurance-coverage and bad-faith litigation since 1994.  Over the years, I have handled numerous insurance-coverage and bad-faith cases in both state and federal court.  I have prosecuted and defended such cases and am familiar with the nature and scope of legal work required to prosecute insurance-coverage and bad-faith actions.  Based upon my experience in handling such cases, I can estimate the nature and amount of attorney's fees that J&J will incur prosecuting its insurance-coverage claim.

(Id.)

The court is satisfied that defendant's counsel's estimate that plaintiff will incur $61,800.00 in attorney's fees is a reasonable estimate.  See Surber v. Reliance Nat'l Indem. Co., 110 F. Supp. 2d 1227, 1232 (N.D. Cal. 2000) (explaining that defendant must provide evidence of the time the case will require and counsel's hourly billing rate); Conrad Assocs., 994 F. Supp. at 1200 (explaining why defendant failed to provide a reasonable estimate of attorney's fees, which included defendant's failure

to "estimate the amount of time each major task will take"); see also Charles Ct. Const., Inc. v. Scott, No. CV-10-00525, 2010 WL 3328266, at *2 (D. Ariz. Aug. 24, 2010) (noting that "Defendants have presented no evidence of Plaintiff's counsel's hourly rates or the tasks that will more likely than not be performed throughout the litigation"); Lippold v. Godiva Chocolatier, Inc., No. C 10-00421, 2010 WL 1526441, at *3 (N.D. Cal. Apr. 15, 2010) (noting that "a declaration from defense counsel about the hours typically expended in [similar] cases would have been helpful"); Jordan v. Fed. Exp. Corp., No. CV 08-4729, 2008 WL 4381645, at *2 (C.D. Cal. Aug. 25, 2008) (noting that defendant "has failed to provide evidence of attorneys' fees, such as an estimate of the amount of time to be billed and Plaintiff's counsel's hourly billing rate, let alone a detailed list of tasks anticipated"). But see Schorzman v. State Farm Fire & Cas. Co., No. CV-07-2072, 2007 WL 4404439, at *2 (D. Ariz. Dec. 13, 2007) (finding defendant's representation that plaintiff's counsel seeks fees of $350.00 per hour in insurance bad faith cases inadequate because court would not assume that case would proceed past early stages and because "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance" (quoting Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992))) (alteration in original) (internal quotation marks omitted).

If plaintiff recovers approximately $40,000.00 in tax penalties and interest allegedly owed under the policies and $61,800.00 in attorney's fees, plaintiff's recovery will be more than $75,000.00. Accordingly, defendant has met its burden of proving by a preponderance of the evidence that the amount in

1 | controversy exceeds $75,000.00.
2 |     The court therefore finds that defendant Star Insurance
3 | Company has shown cause why this action should not be remanded to
4 | state court for lack of diversity jurisdiction pursuant to 28
5 | U.S.C. § 1332.
6 |     IT IS SO ORDERED.
7 | DATED: April 27, 2011

*[Signature: William B. Shubb]*

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE